Shaucic, C. J.
The circuit court found that the sums which it is admitted that the father had paid in discharge of his liability as the surety for the son were not advancements from the former to the latter. This conclusion would result from the obvious consideration that said sums were paid involuntarily and that upon their payment an immediate right of action accrued to the father as the result. As a result of the father’s payments the son was, at the time of the father’s death, his debtor to an amount which ex- *618 ' ceeded the value of a share in the real estate of which the father died seized. The circuit court also concluded that since this was not technically an advancement, but a debt, a share descended to the son as though he were not debtor to the estate notwithstanding the facts that he was a non-résident of the state and insolvent and there was no personal estate from which, on distribution, the indebtedness •might be deducted.
That this conclusion is correct is the contention of counsel for the defendant in error. ‘ -Jjdany of the cases cited in its support consider whether the sums paid by the father were gifts or advancements, and they decide nothing more than that gifts cannot be deducted from the share. Some of them, however, are to the effect claimed by counsel. But in so far as the reports inform us as to the grounds of the conclusions reached, they either deal with facts substantially different from those disclosed by the record before us, or proceed upon legal considerations not reconcilable with our policy with respect to the subject of descent and distribution. A proposition necessarily involved in the decision of the circuit court is that in a case of this character a son who owes a debt which is payable at all events occupies a better position than one who has received an advancement which is not payable otherwise than as it may serve to diminish his inheritance. The conclusion does not contribute to the equality of inheritance which is made so prominent in the legislation and the decisions of this state. The statute upon the subject of advancements distinguishes gifts by way of advancement from other gifts. It does not make a gift by way of advancement more onerous to the child who receives it than is a debt to the child *619 who owes it. It is not important whether, to secure equality in cases of this character, we adopt the doctrine of equitable set-off, as has been done by some courts, or, for that purpose, regard the debt as an advancement, as has been done by others. The ground of decision is that it is inequitable and at variance with the policy defined in our statutes to permit one to share in an estate which is diminished by his default and to the prejudice of those whose rights are equal to his. A consideration of the provisions of our statutes adds force to the conclusion which Judge Woerner has drawn- from an analysis of the cases: “The distinction between debts owing by an heir and advancements made to him by the intestate is sharply drawn; in some states debts so owing cannot be deducted from the share of the heir in the real estate, and from the personal estate only by way of set-off, but the true principle seems to be that a debt owing by an heir constitutes part of the assets of the estate, as much as that of any other debtor, for which he should account before he can be allowed to receive anything ont of the other assets; and it is so held in the United States.” American Law of Administration, sec. 71.
It is suggested that the conclusion of the circuit court is required by the consideration that the debt is due to the administrator of Henry Keever, while the land descends to his children. It is quite obvious, however, that the administrator not being a party here is not precluded from selling the real estate if that be required for the payment of the debts of the decedent; and that as to what may remain after the payment of debts, the persons interested in descent and distribution are the same. That the consideration suggested should not prevent the equal sharing of the property of the decedent by his chil *620 dren is quite apparent from section 4171 of the Revised Statutes, which provides in substance that if an advancement is made in real estate the value thereof shall be taken to be a part of the real estate to be divided, and that if in personal estate it shall be taken to be a part of the personal estate to be distributed, and if in either case it exceeds the heir’s share of the estate of like character it shall be deducted from the other.
The question here considered was involved in the case of Martin et al. v. Martin, Administrator, 56 Ohio St., 333. The question there debated by counsel and decided by the court was whether the children of Alexander Martin, deceased, should submit to a diminution of the estate which they derived through him in consequence of his indebtedness as he would have been if he had survived to assert the claim in his own person. The law was there conceded by counsel, and assumed by the court, to be precisely the reverse of that of the holding of the circuit court in this case.

Judgment reversed and judgment for plaintiff in error.